Clerk, please call the next case. 12-0272, David M. Kert and Terry J. Walsh v. Oasis Legal Finance, LLC The attorneys who are orally arguing, please come to the podium and identify yourselves. David Hathaway for the plaintiffs, Mr. Kert and Mr. Walsh. And good morning, Elliot Wickser on behalf of Oasis Legal Finance, LLC, the defendant, FLE. Okay, you'll both have 15 minutes. Appellant, reserve from that 15 minutes whatever time you'd like to use for rebuttal. Five. Okay. Fine. Thank you. Appellant, please proceed. By the way, I don't know if you were here at the beginning of the first case, but I'll say once more, Justice Maureen Connors is part of our panel. She could not be here this morning. She will be listening to the oral argument as recorded and will be participating in the opinion of the case. Okay. Please proceed. Good morning, and may it please the Court. I'd be happy to dispense with my recitation of the case. I suspect you've read the briefs. If it would be valuable, I would be glad to give you a very short introduction to sort of transition you. If not, I'd love to hear your questions. Why did you pay out when you did? And did you take any steps to try and preserve your claim after you paid out? I know why they paid out. I am the lawyer who stepped in after it was very close to the end of the case. I know they paid out because they were concerned about what it would do to their reputation, and, in fact, that is pled in the amended complaint. What they did as far as all of the steps they took, who did they notify, I did not prepare a list of that. I would be glad to submit it, but I didn't come here today to talk about all of those steps. It was a very simple case, a very simple basis. I'm sorry. It was a very simple basis to do it. They had a reputation to preserve. This is a large national company, and they didn't want to have the scarlet letter of, you guys borrowed money and didn't pay. They felt what they wanted to do was say, here's your money, now let's fight it out the way lawyers are supposed to fight it out. And the interest was accruing this whole time, too, before payment? In excess of at least 40% per annum? I think it was compound, not heavy. It was heavy-duty interest, yes. I don't have any other questions. Okay. We'll reserve your remaining time for rebuttal, if necessary. Thank you. Thank you, sir. Appellee? Thank you again. Good morning. Elliot Wixor on behalf of Appellee. It may please the Court Counsel. I did prepare a very short presentation. Let me start by, since Counsel threw me a little bit with his very short presentation, let me dispense with some of the preamble that I had prepared and just go right to the heart of the case. The fact is that the argument that the appellant's plaintiffs make to support the notion that New York partnership law somehow gives them an out on the credit agreement is, and I hate to use our legal mumbo-jumbo, I'll sometimes call it, such as red herring. I think that applies appropriately here. The entity status of a partnership in Illinois or New York is very similar. And we cite cases in our brief that sets out that an entity, what the courts, both New York courts and Illinois courts, for example, in New York, in the Peck case that's cited by the plaintiffs in their briefs, all that they're distinguishing when they discuss entity, they're distinguishing the fact that, for example, and they say it in the Peck case, a corporation has a separate existence. It's a person in the eyes of the law. Unlike a partnership where there is no separate existence from its owners, shareholders, corporation, separate entity existence, partners, same entity, partnership is the same from the partners. Now, with that said, New York law, since we're examining New York law today, New York law does provide in some instances where entity status exists. And throughout our briefs, there is no doubt that entity status exists when it comes to the ownership of property. And what I mean by that is predominantly in New York, the statutes and the cases all say the same thing. And why is this important? Why is it important that the partnership owns the property rather than the individual partners? That is because under plaintiff's theory, under the Illinois Interest Act, there is the business exception rule. And the business exception rule would be applicable here. No one disputes that this is a business loan. Where there is dispute is what happens if there is an individual assignment of wages or compensation, which is an out, if you will. It defeats the business loan exception under the Illinois Interest Act. So if you have a business loan, however, under the terms of the agreement, the loan assigned or there is an instrument assigning wages or compensation of individuals, then the business loan exception does not apply. So doing this in steps, in order for the plaintiffs to prevail, they need to, one, show that their argument about the entity, that somehow the individuals own this property, and the property we're discussing is the proceeds of the class action lawsuits that this plaintiff law firm prevailed upon that they pledged under a UCC to the finance company Oasis Legal Finance, the defendant Appellee Heer. So once they, under their theory, would be able to show that the partners, the individuals own this property, the fees derived from these class action lawsuits, the individuals own it, then they go to the credit agreement and say, aha, you, Oasis, a defendant, made us assign this compensation to you, and therefore that assignment takes us out from the application of the business loan exception under the Act. The problem with that is twofold. Number one, going backwards in my argument for one moment here, number one, there was no assignment. This was a secured transaction, and if I have a few minutes, I'll discuss that in a moment. Secured transaction under Article 9 of the Uniform Commercial Code. The credit agreement defines it clearly. You can look at that if you choose, and if I have a few minutes, I'll recite some of the relevant portions of the credit agreement as it relates to the secured transaction. It's not an assignment. And secondarily, and more importantly, since it's not an individual assignment of compensation, it's property that's owned by a partnership, and a partnership can own property. The individuals don't own it. The partnership does, and therefore it's compensation of a business of a partnership. And we really don't have to look very far to make that determination. I think both the plaintiff and my client, the defendant, have relied on a variety of New York statutes, not even case law, and the statutes are just so crystal clear. At some point, I'm really perplexed in terms of why we're even here, because if you just look at McKinney's Consolidated Law that the defendant relied on in the response brief, chapter 39, article 2, section 12, it says clearly, this is verbatim, all property acquired or subsequently acquired by purchase or otherwise on account of the partnership is partnership property. And then it says under McKinney's Consolidated Laws, chapter 39, article 2, section 12, unless the contrary intention appears, property acquired with partnership funds is property. In our statement of facts, if you look, we rely on the partnership agreement entered into between K&W and its partners, Mr. Kurt and Mr. Welsh. And that partnership agreement says in section 6 that property cases, lawsuits that we bring in, are going to be property of the partnership. So when you look at chapter 39, article 2, and it says all property acquired or subsequently acquired by purchase or otherwise on account of the partnership is partnership property, these class action lawsuits, and the proceeds derived therefrom would be property of the partnership. And then as I recited section 12, it says it starts with unless the contrary intention appears. Well, the contrary intention does not appear. It's clearly recited in the partnership agreement entered into between these two individual partners. Attorneys, I might add, that the intention was to treat this property as partnership property. And I can go on. If you look at section 39, article 5, excuse me, chapter 39, article 5, section 51, of McKinney's Consolidated Laws of New York Partnership, a partner has an equal rights with his partners to specific partnership property for partnership purposes, but he has no right to possess such property for any other purposes without the consent of his partners. That, you know, we interpret that to mean, in case law follows and I can recite, it interprets it to mean as a partner you own, you know, a certain interest in the partnership but no specific partnership property. In section 52 of McKinney's article 39, a partnership interest in the partnership is his share of the profits. So if you go to section 51, it gives the court some insight of that, again, McKinney's 39, it gives the court some insight as to the nature of the partner's right to specific partnership property because that's what the caption of section 51 says. It says a partner is co-owner with his partners of specific partnership property but holding as a tenant in partnership. And what it says in section 2, the incidence of that ownership or the incidence of that tenancy is a partner subject to the provisions of this chapter and to any agreement between the partners. And again, going back to the partnership agreement, partnership agreement says it's property owned by the partnership, that the partner has an equal right with the partners to possess specific partnership property for partnership purposes but he has no right to possess such property for such other purpose without the consent of his partners. And then section 2B, a partner's right and specific partnership property is not assignable except in connection with the assignment of the rights of all partners in the same property. Five minutes, sir. Thank you. And then if you look at section D, at the end of the section 51, McKinney's 39, a partner has no right to possess the partnership property for any purpose but a partnership purpose. And again, as I mentioned earlier, a couple of cases right on point. Murov v. Adas, 786, N.Y.S. 2nd, 79. This is a case where it's a lower court case, not an appellate court case in New York, but I think is really instructive here. You had a contingency, you had a plaintiff's law firm, contingency fee cases, and you had the partnership dissolve. And the court clearly said that these contingency fee cases, it's partnership property. It's not owned by the individuals. And if you look at Finkelstein, for example, the Finkelstein case is even more instructive. It said that there is a distinction between the partnership of the property and the interest of a partner, meaning that the interest in what the case says, the interest of the partner is his joint interest in the ownership of the partnership, profits of the partnership. And if you go to sell the partnership, a disposition of those assets, and you get your equal share of those assets. Not that you get this case or that case or this case, and it's your individual compensation. And we can go on and on. There's a plethora of other cases that we cite in the brief that discuss this issue. And I don't think that the court need to go, the court does not have to go beyond that to make its ruling. In other words, since this is partnership property, we don't even have to look at the next step. We have a business loan, partnership property, the partners individually did not own this, and therefore there could be no individual assignment of the proceeds of these cases, especially in light of the agreement entered into by the partners. I think the lower court was correct in dismissing this case with prejudice. The counts one through seven were dismissed, and one of the questions that we have that was not raised on the pleadings by the appellant is that, one, there's a declaratory action, and the lower court stated that in some sense, there's really nothing in controversy anymore. The money's been paid. There is no reservation of rights in the record, and therefore you're basically asking us for an advisory opinion, number one. Number two. But do you argue that in your brief? I agree. That's what the trial court said. I did not get your brief when I read your brief. I did not understand you to be arguing that you agree with the trial court's stand that this is essentially moot. Yeah. And I think that one of the reasons is if you look beyond just the declaratory action question, it's difficult in the appellant's brief to understand. If you look at counts four and five for fraud and consumer fraud, equally the appellants did not make any argument on that issue. And so we believe they've waived that issue, and they didn't really address the dismissal of the breach of contract count, the count for mutual mistake, or the count for, they call it, not meeting of the minds. Those might be part and parcel of this issue of the Illinois Interest Act, but the point is I think many of the arguments that were relied on in the lower court, where the lower court rendered their opinion on this particular matter, I think have been waived in this court. And just in the few minutes that I have left, if you do look at the assignment, if you look at the credit agreement, the credit agreement, as I said before, I won't recite the language because of time, but if you look at the credit agreements, clearly it seems to me to be a secure transaction. It defines it as such. It starts by saying, as security for. And so it's not an assignment, and I think the lower court correctly pointed out that the defendant, my client, Oasis Legal Finance, never had possession of the actual funds. And in order to have an assignment, the cases, and by definition, I think the lower court may have relied on Black's Law Dictionary for the definition of assignment, you possess it. Once you possess the item that's being assigned, then you have an assignment. Here there was never possession of any of the proceeds, and I think that even if you get beyond the partnership argument, the fact still remains that there was no assignment. This was a secure transaction that is not excluded under the business loan exception of the Illinois Interest Act. So unless you have any questions, what we would ask is that you, you know, we would submit to you that you uphold the lower court's decision in dismissing counts one through seven of the Second Amendment complaint with prejudice. Thank you. Thank you. Four points. First one, going to why did you pay and the issue of what was going on. Two things. First, it would be wrongful under the Illinois Interest Act, as I recall, pardon me, as I understand, that they would collect interest, and my clients would have an opportunity to sue under the Illinois Interest Act if in fact the interest was collected wrongfully under the act. So I think that resolves that question. Second, to the extent that it becomes an issue now in oral argument, I think I would ask Liev to file a supplemental brief and to give counsel a chance to respond if in fact that ultimately in your analysis becomes a point. I don't think we get to that, but I would ask that as part of it. No, in fact, my questions were really addressed to the mootness, which is the only question I ask counsel as well. The trial court ruled on that, right? That was the basis for the trial court in my experience generally. The trial court, the winner wants to say, I agree with the trial court, but they didn't. The trial court said, this is over. What you're asking for is relief after the fact, and I can't give it. It's a deck action. But they would have the right under the Illinois Interest Act to pursue a remedy for that interest that was wrongfully collected, and I think that resolves it. Meaning your client would have it. My client, yes. Okay. All right, I'm sorry. I'm just wondering which one. Yeah, all right. Second point, and this goes to the partnership question, and this is where the rubber meets the road. There is no question that there is partnership property. The question is, who or what possesses it? It's not an organization. It is a collection of people. As I went through all the New York cases, and I'm sure your law clerks did, and you've probably read a few of them yourself, what's missing is any kind of case where the partnership organization itself is actually paying out stuff. It all flows back one step behind that to the classic partnership analysis, which is a partnership is a collection of people, and all the arguments are what can you get from the people? And there are two ways you do it. One is everybody's interest in the partnership assets has to be extracted first before you can go after any of the other individuals. That's wholly different from having a separate organization that is an organization like a corporation. You can't go after those people. In a partnership, you can. That's the second point. The third point, and I think this is not something that was in the briefs, and as I was preparing for likely arguments of counsel, I was back looking through stuff, and Section 53 of the Illinois Partnership Act specifically says the only thing a I have a copy of Section 53 with me. I can give you a copy, and I can give it to counsel. I would also ask that to the extent that counsel would like, I would cede a couple minutes of my time to him to respond to that. No, General, we wouldn't like that. All right. But if the point is to get it right under New York law, Section 53 says the only thing you can convey is, and as they say, merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled. That is both evidence that the partnership exists separately, and for our case here, this is the linchpin of the language, the exception to the exception that we're talking about in the Illinois Interest Act. The only thing they can give is their remuneration for their work, their profits. The Illinois Interest Act says, in the exception to the exception, an assignment of an individual's obligor's salary, wages, commission, or other compensation for services. Section 53 says the only thing you can give is your compensation out of the partnership when you assign something. And then in conclusion, I disagree with what he says in the assignment. You don't need me to repeat what I said in the briefs. Thank you very much. Thank you. Thank you. Thank you, counsels. The matter is taken under advisement. Court is adjourned.